ACCEPTED
06-14-00201-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/25/2015 4:34:52 PM
DEBBIE AUTREY
CLERK

No. 06-14-00201-CR

IN The Sixth Court of Appeals
Texarkana, Texas

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
1/27/2015 4:34:52 PM
DEBBIE AUTREY
Clerk

MARK VICTOR DHEIL,

Appellant,

V.

THE STATE OF TEXAS,

Appellee.

Appeals from the 4th District Court

Rusk County, Texas

Trial Court No. CR14-089

ANDERS BRIEF

ATTORNEY FOR APPELLANT:

Jeff T. Jackson
SBOT No. 24069976
736-A Hwy 259 N.
Kilgore, TX 75662
Phone: 903-654-3362
Fax:   817-887-4333

ORAL ARGUMENT NOT REQUESTED

## LIST OF PARTIES AND COUNSEL

**APPELLANT:**    Mark Victor Dheil
TDCJ No. 01965767
SID No. 06344978
Choice Moore Transfer Facility
1700 N. FM 87
Bonham, TX 75418

Represented at original plea by:
MR. JEFF SANDERS
SBOT No. 24033153
Ellis & Sanders, PLLC
120 S. Broadway, Suite 112
Tyler, TX 75702
Phone: 903-593-8084

Represented on appeal by:
Jeff T. Jackson
SBOT No. 24069976
736-A Hwy 259 N.
Kilgore, TX 75662
Phone: 903-654-3362
Fax:   817-887-4333

**APPELLEE:**    **State of Texas**

Represented at original plea and sentencing by:
Micheal E. Jimerson
Rusk County District Attorney
SBOT: 00789406
115 N. Main St.
Henderson, TX 75652
Phone:  903-657-2265
Fax:    903-657-0329

i

# TABLE OF CONTENTS

List of Parties and Counsel..............................i

Table of Contents......................................ii

Index of Authorities.................................. iv

Statement of the Case..................................vi

Issues Presented......................................vii

Statement of Facts......................................1

Summary of the Arguments................................2

Argument................................................4

   I.   APPELLANT'S PLEA OF GUILTY COMPLIED WITH THE REQUIREMENTS OF ARTICLE 26.13 OF THE TEXAS CODE OF CRIMINAL PROCEDURE ........4

   II.  NO OBJECTION TO THE EVIDENCE OR EXHIBITS WERE MADE DURING THE PUNISHMENT STAGE OF TRIAL AND NO MERITORIOUS LEGAL CLAIM EXISTS RELATED TO THE IMPOSITION OF PUNISHMENT...............................7

   III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IS NOT A VIABLE CLAIM BASED ON THE RECORD BEFORE THIS COURT ...................... 9

   IV.  NO OTHER ARGUABLE ERROR WAS COMMITTED ..12

Statement of Attorney to the Court....................14

Conclusion and Prayer................................15

Certificate of Compliance...........................16

Certificate of Service..............................17

# INDEX OF AUTHORITIES

## Case Law:

*Anders v. California*,
   386 U.S. 738, 744, (1967). . . . . . . . . . .1, 2, 13

*Brady v. United States*,
   397 U.S. 742, 749, (1970). . . . . . . . . . . . .5

*Currie v. State*,
   516 S.W.2d 684 (Tex.Cr.App.1974). . . . . . . . . 13

*Fuentes v. State*,
   688 S.W.2d 542, 544 (Tex.Crim.App 1985) . . . . . 5

*Hernandez v. State*,
   726 S.W.2d 53, 57 (Tex.Crim.App.1986) . . . . . . 9

*Jack v. State*,
   871 S.W.2d 741 (Tex.Cr.App.1974) . . . . . . . . 3

*Jackson v. State*,
   877 S.W.2d 768, 771 (Tex.Crim.App.1994). . . .9, 10

Jeffery v. State,
   903 S.W. 776 (Tex.App.-Dallas 1995, no pet.) .3, 13

*Strickland v. Washington*,
   466 U.S. 668 (1984). . . . . . . . . . . . . .9, 10

*Thompson v. State*,
   9 S.W.3d 808, 812 (Tex.Crim.App.1999). . . . .9, 10

*United States v. Johnson*,
   527 F.2d 1328, 1329 (5th Cir. 1976) . . . . . . .2

**Statutes:**

Tex. Code Crim. Proc. Art. 26.13 . . . . . . . . 3, 4, 5

Tex. Code Crim. P. Art. 42.12 §§ 9(a), (g) . . . . . . 7

## STATEMENT OF THE CASE

Appellant was indicted for driving while intoxicated 3rd or more, a 3rd degree felony, by formal charging instrument filed on February 4, 2014. CR p. 5. On October 17, 2014, Appellant waived his right to trial by jury and entered his plea of guilty to the offence charged in the indictment. CR p. 24-28. The Trial Court sentenced Appellant in open court to four (4) years confinement in the institutional division of the Texas Department of Criminal Justice. CR p. 32.

## ISSUES PRESENTED

I.  Whether Appellant's plea of guilty complied with the requirements of Article 26.13 of the Texas Code of Criminal Procedure?

II. Whether an objection was made to the evidence or exhibits during the punishment stage of trial?

III. Whether ineffective assistance of trial counsel is a viable claim based upon the record before this Court?

IV. Whether any other arguable error was committed?

TO THE HONORABLE SIXTH COURT OF APPEALS:

Comes now Jeff T. Jackson, attorney for Mark Victor Dheil, appellant in the above styled and numbered causes, and respectfully submits this *Anders* Brief and would show the Court the following:

## STATEMENT OF THE FACTS

In a single count indictment, Appellant was indicted for driving while intoxicated 3rd or more. CR p. 5. Jeff Sanders was hired to represent Appellant by the Trial Court. On October 17, 2014, Appellant waived his right to trial by jury and entered his plea of "guilty" to the offence charged in the indictment. RR p. 7. The Trial Court sentenced Appellant in open court to four (4) years confinement in the Texas Department of Criminal Justice. CR p. 32.

NOTE:
The record is referred to as:
"CR": clerk's record in Cause No. CR14-089.
"RR": reporter's record
"SCR": supplemental clerk's record

1

## SUMMARY OF THE ARGUMENTS

Under *Anders v. California,* 386 U.S. 738, 744, *(1967)*, a court-appointed appellate attorney may not raise an issue in an appeal if he makes a conscientious examination of the case and finds the appeal is wholly frivolous. To comply with *Anders,* counsel must isolate "possibly important issues" and "furnish the court with references to the record and legal authorities to aid it in its appellate function." *United States v. Johnson,* 527 F.2d 1328, 1329 (5th Cir. 1976). After the appellant is given an opportunity to respond, the court makes a full examination of the record to detect whether the case is frivolous. *Anders,* 386 U.S. at 744. Appellant's counsel has reviewed the Clerk's Record and Reporter's Record from the Trial Court, the sentence received by Appellant and the factual basis for the sentence. As set forth in the Brief, there are no non-frivolous issues.

The record reveals that the trial court substantially complied with Article 26.13 of the Texas Code of Criminal Procedure when accepting Appellant's plea. RR pp. 6-10. No objection was made by Appellant to any of the evidence, exhibits or the sentencing of Appellant by the trial court. RR pp. 10-29. There are no jurisdictional defects. There are no non-jurisdictional defects arising at or after entry of the plea. *See* *Jack v. State*, 871 S.W.2d 741 (Tex.Cr.App.1974). Counsel has also filed with this Court a Motion to Withdraw as Court Appointed Counsel on Appeal with supporting exhibits in accordance with the procedures and standards set out in *Jeffery v. State*, 903 S.W. 776 (Tex.App.-Dallas 1995, no pet.).

## ARGUMENTS AND AUTHORITIES

### I.

APPELLANT'S PLEA OF GUILTY COMPLIED WITH THE REQUIREMENTS OF ARTICLE 26.13 OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

Appellant's counsel has reviewed the entire record in detail and has identified no error on the trial court's part that suggests harmful error in the Defendant's pleading guilty to the charges.

Before accepting a guilty plea, the trial court must admonish a defendant of: (1) the punishment range, (2) the fact that the State's sentencing recommendation is not binding on the court, (3) the limited right to appeal and (4) the possibility of deportation. Tex. Code Crim. Proc. art. 26.13(a). The admonishments may be made either orally or in writing. Id at 26.13(d).

At appellant's original pleas, the court admonished appellant on the proper range for driving while

4

intoxicated, 3rd or more. RR p. 8. The court substantially complied with the requirements of the statute in accepting appellant's guilty plea as evidenced by the written plea admonishments and verbal admonishments by the trial judge. RR p. 8.

To be constitutionally valid, a guilty plea must be knowing and voluntary. *See Brady v. United States*, 397 U.S. 742, 749-750, (1970); *see also* Tex. Code Crim. Proc. Ann. art. 26.13(b). When the record shows that the trial court admonished the defendant in substantial compliance with Article 26.13 of the Code of Criminal Procedure, this is a prima facie showing that the plea was knowing and voluntary. *See* Tex.Code Crim. Proc Ann. art. 26.13(C). There is nothing in the record to indicate appellant pleaded guilty and true without understanding the consequences of his pleas, and as a result, appellant suffered no harm. *See Fuentes v. State*, 688 S.W.2d 542, 544 (Tex.Crim.App 1985). The trial court accepted Appellant's original plea of guilty and subsequent plea of true and punishment was

5

assessed. RR pp. 6-10; RR pp. 28-29. The voluntariness of appellant's pleas is shown by the record. RR p. 6-10.

## II.

NO OBJECTION TO EVIDENCE OR EXHIBITS WAS MADE DURING THE PUNISHMENT STAGE OF TRIAL AND NO MERITORIOUS LEGAL CLAIM EXISTS RELATED TO THE IMPOSITION OF PUNISHMENT.

On the 17th day of October, 2014, Appellant's plea of guilty was accepted by the trial court. RR pp. 6-10. On that same day, Appellant's punishment was assessed. RR pp. 28-29. The only evidence presented by the State was a presentence investigation report that had been conducted by the Rusk County community supervision department in accordance with Tex. Code Crim. P. Art. 42.12 §§ 9(a), (g). RR p. 10. Appellant called one witness, and both sides made a closing argument. RR pp. 6-28. Appellant made no objection to evidence or exhibits offered by the state, and the trial judge sentenced Appellant to four (4) years to serve in the institutional division of TDCJ. RR pp. 28-29.

The trial court was the fact finder for purposes of the punishment decision. The evidence before the court was substantial. The judge's remarks following the close of evidence indicate the circumstances taken in consideration related to the sentence assessed in open court. RR p. 29.

## III.

## INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IS NOT A VIABLE CLAIM BASED UPON THE RECORD BEFORE THIS COURT

Claims of ineffective assistance of counsel are analyzed under the two-prong test set out by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984), and adopted by Texas in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986). Appellant must show that trial counsel's performance was deficient, that is, counsel's representation fell below an objective standard of reasonableness. *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999).

Appellant must also show that counsel's deficient performance prejudiced his defense. *Strickland,* 466 U.S. at 687; *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). This requires Appellant show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. *Strickland*, 466 U.S. at 694; *Jackson*, 877 S.W.2d at 771. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694; *Jackson*, 877 S.W.2d at 771.

In reviewing an ineffective assistance of counsel claim, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and the appellant must overcome the presumption that the challenged conduct might be considered sound trial strategy. *Thompson*, 9 S.W.3d at 813; *Strickland*, 466 U.S. at 689. Any allegation of ineffectiveness must be firmly founded and affirmatively demonstrated in the record to overcome this presumption. *Thompson*, 9 S.W.3d at 813; *see Jackson*, 877 S.W.2d at 771. It is the Appellant's burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Id.*

At the guilt/innocence phase of his trial wherein he entered a plea of "guilty," Appellant was informed

by the trial court of his various choices regarding his rights to plead "not guilty" and the presumption of innocence and applicable burden of proof. RR pp. 6-10. At no point during any of the proceedings in this cause did Appellant assert to the trial court that he was unhappy with the performance and representation of his trial counsel, Mr. Sanders. Appellant pleaded guilty freely and voluntarily after being properly admonished of the punishment range, RR pp. 6-10. Based on this record, no legitimate non-frivolous basis exists to argue trial counsel was constitutionally ineffective.

11

## IV.

### NO OTHER ARGUABLE ERROR WAS COMMITTED

Counsel has scrutinized the record and found no arguable error. There are no jurisdictional defects. There are no non-jurisdictional defects arising at or after entry of the plea. *See Jack v. State,* 871 S.W.2d 741 (Tex.Cr.App.1974). The indictment was sufficient to support the conviction. CR, p. 5.

Because this appeal stems from Appellant's entry of a plea of "Guilty" and a rather brief punishment hearing, no motions were made by Appellant at the trial level, and no pretrial rulings adverse to Appellant were made. Appellant was found competent. RR pp. 9-10. There was evidence to support Appellant's plea of "Guilty." RR pp. 6-7. No fundamental error existed at any point during the trial. The trial court's certification of Defendant's Right of Appeal was inaccurate, CR p. 36, and the trial court amended it to reflect its certification of Appellant's right to

appeal. SCR, p. 3. The written Judgment Nunc Pro Tunc reflected the sentence that was imposed and credit toward that sentence was properly applied, SCR p. 4-6.

## STATEMENT OF ATTORNEY TO THE COURT

This brief is filed by counsel appointed by the court to represent appellant on appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App.1974). Counsel has also filed with this Court a Motion to Withdraw as Court Appointed Counsel on Appeal in accordance with the procedures as standards set out in *Jeffery v. State*, 903 S.W.2d 776 (Tex.App.-Dallas 1995, no pet.). After thorough examination of the clerk's record and reporter's record, counsel can find no point of error that can be supported by the record. Counsel has discussed the evidence and the documents in the record, citing references to the records.

## PRAYER

Wherefore, premises considered, the undersigned counsel requests the Court of Appeals review the record on appeal, consider the Motion to Withdraw as Court Appointed Counsel with supporting affidavit, review the foregoing Brief in Support of Motion to Withdraw, and grant the Motion to Withdraw.

Respectfully submitted,

Jeff T. Jackson
SBOT No. 24069976
736-A Hwy 259 N.
Kilgore, TX 75662
Phone: 903-654-3362
Fax: 817-887-4333
Email: jefftjacksonlaw@gmail.com

*Attorney for Appellant,*
*Mark Victor Dheil*

15

## CERTIFICATE OF COMPLIANCE

The foregoing Appellant's Brief is in compliance with TEX. R. APP. P. 9.4(i)(2)(B). The total number of words contained in Appellant's Brief that are not specifically excluded from the word count under TEX. R. APP. P. 9.4 (i)(1) is 1,555 words.

_____

Jeff T. Jackson

SBOT No. 24069976

*Attorney for Appellant,*

*Mark Victor Dheil*

# CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and correct copy of the above Motion was served on the State of Texas by mailing same to the District Attorney of Rusk County on January 26, 2015.

I further certify that I have mailed a copy of the above Brief by First Class Mail, postage paid, to Appellant, Mark Victor Dheil, at the address listed above on the same date.

_____

Jeff T. Jackson

17